McKinney, J.,
delivered the opinion of the Court.
This was an indictment against “the mayor and aider-men of the town of Shelbyville,” for permitting a public nuisance within the corporate limits of the town, to the annoyance of the inhabitants and the exposure of the public health.' The nuisance complained of is a slaughterhouse for butchering hogs.
There was a demurrer to the indictment, which was sustained on the ground, it seems, of the supposed want of power in the corporation to abate a nuisance erected on the private property of an individual. This, we think, was an erroneous conclusion. By the act of the General Assembly incorporating the town of Shelbyville, it is expressly declared that said corporation shall have full power and authority to enact all such laws and ordinances as may be necessary and proper “to preserve the health of the town, prevent and remove nuisances,” etc. Session acts of 1819, ch. 16, § '2. Under this provision of the charter, there can be no doubt as to the power of the corporation to “prevent” or to “remove” the nuisance charged in the indictment; nor can there be any more *178 doubt as to tbe positive duty of tbe corporation to exercise tbis power in all proper eases. Tbe existence of sucb a power is indispensable to tbe public bealtb and welfare of tbe town; and tbe corporation is not at liberty to decline its exercise when demanded by tbe public interest. An indictment against tbe corporation is tbe proper mode of redress by tbe' public for a grievance of tbis nature. And it is well settled at tbis day, that, for neglect of public duties, a corporation is made subject to indictment as an individual. Angel & Ames on Corp., § 394. Bishop’s Cr. Law, § 306, et seq.
Tbe judgment will be reversed, tbe demurrer overruled, and tbe case be remanded for trial on tbe indictment.